IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01261-BNB

ANTHONY LYNN HARGRAVES,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPT.,
T. LINDVALL, Police Officer #2417,
M. JUHL, Police Officer #1756,
J. CHADBOURNE, Police Officer #1483,
EL PASO COUNTY,
THE COUNTY COMMISSIONERS,
THE CITY OF CO. SPRINGS, COLORADO,
DISTRICT ATTORNEY JEFF ALBRIGHT, and
EL PASO COUNTY DISTRICT ATTORNEY'S OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Anthony Lynn Hargraves, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Hargraves filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) challenging the validity of his state court conviction and sentence. As relief Mr. Hargraves asks for money damages.

The Court must construe the amended complaint liberally because Mr. Hargraves is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the amended complaint and the action.

As noted above, Mr. Hargraves is challenging the validity of his state conviction and twenty-four-year sentence on drug charges. He appears to be suing the Colorado Springs, Colorado, police officers who arrested him in February 2007, their police department, the district attorney who prosecuted him in the state court criminal proceedings, the district attorney's office, and the county, city, and county commissioners he contends supervise the police department.

Mr. Hargraves may not recover damages for the claims he is asserting because those claims challenge the validity and execution of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Hargraves does not allege, and nothing in the Court's file indicates, that he has invalidated either his conviction or his sentence. In fact, it is apparent that Mr.

Hargraves has not invalidated his conviction or sentence because he currently is incarcerated in a state correctional facility. Therefore, the amended complaint for damages is barred by *Heck*, and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01261-BNB

Anthony L. Hargraves
Prisoner No. 106388
Arkansas Valley Corr. Facility
PO Box 1000 _ Unit B-3
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk